UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LYNDAL JONES, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO.  3:04-CV-792 RM |
| v. ) | |
| ) | |
| DANIEL WING, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Lyndal Jones, a *pro se* a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Jones alleges that his constitutional rights were violated. He says on December 2, 2002 the electronics teacher falsely accused him of theft. Mr. Jones alleges that his Fourteenth Amendment right against double jeopardy was violated because the teacher both removed him from the class and wrote him up for theft. At the conduct adjustment board hearing Mr. Jones was found not guilty of theft and didn't lose any good time credits, but Mr. Jones says he is being denied his diploma and a six month time cut based on completion of the program.

The double jeopardy clause, applicable to the states by the Fourteenth Amendment, protects against a second prosecution for the same offense and multiple punishments for the same offense, United States v. Halper, 490 U.S. 435, 440 (1989), but its scope is limited to criminal prosecutions. Breed v. Jones, 421 U.S. 519 (1975). Prison discipline doesn't constitute "prosecution" for double jeopardy purposes, even if it delays release from incarceration by depriving the prisoner of good time. Garrity v. Fiedler, 41 F.3d 1150, 1152-1153 (7th Cir. 1995). Accordingly, both being removed from an education class and being written up for

theft would not violate the double jeopardy clause. Mr. Jones's Fifth Amendment due process and double jeopardy claims must be dismissed.

Mr. Jones does not allege that the conduct adjustment board violated any of his due process rights. Instead he implies that the teacher improperly wrote him up. He say the teacher was the one who "took the guts out of the Cdrom and threw it back outside." (Complaint, pg.5). But the due process clause does not protect a prisoner from a false conduct report, and an allegation that a prisoner was the victim of an improper conduct report states no claim upon which relief can be granted where the procedural due process requirements set forth in Wolff v. McDonnell, 418 U.S. 539 (1974), were afforded to him at the hearing. Hanrahan v. Lane, 747 F.2d 1137, 1140-1142 (7th Cir. 1984). Mr. Jones does not assert that he was denied due process at the hearing on this conduct report, and the disciplinary board found him not guilty.

Mr. Jones alleges that he is being denied his diploma and a earned credit time cut. In Higgason v. Farley, 83 F.3d 807, 809 (7th Cir. 1995), the court held,

> Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), held that while the Due Process Clause does not itself create a liberty interest in good time credits, the state may create a liberty interest in earned good time credits. Wolff, 418 U.S. at 557, 94 S.Ct. at 2975. According to Sandin, if "the State's action will inevitably affect the duration of [the] sentence," there is due process protection, but there is no such protection for action that merely might affect the duration of the sentence. Sandin, 515 U.S. at ----, 115 S.Ct. at 2302. Even if Higgason had been given the opportunity, it was not inevitable that he would complete an educational program and earn good time credits. Thus, denying the opportunity to earn credits did not "inevitably affect the duration of the sentence," and did not infringe on a protected liberty interest.

In Cochran v. Buss, 381 F.3d 637, 639 (7th Cir. 2004), the court stated,

> State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.

To the extent that Mr. Jones challenges the denial of his right to an educational program, his claim is without merit. There is no constitutional right to educational programs, nor is there a liberty interest in credit time earned in educational programs. Garza v. Miller, 688 F.2d 480, 486 (7th Cir.1982); Higgason v. Farley, 83 F.3d at 809. To the extent that Mr. Jones seeks good time credits for completion of an educational program, he must do so in a petition for writ of habeas corpus, because to grant such relief would affect the duration of his custody making his claim non-cognizable in this action. Cochran v. Buss, 381 F.3d at 639.  Because Indiana hasn't created a liberty interest in the credit time earned for successfully completing various educational programs, there is no due process violation when they are not granted. Zimmerman v. Tribble, 226 F.3d 568, 571(7th Cir.2000). None of Mr. Jones's claims state a claim upon which relief could be granted.

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED:  August 9 , 2005

/s/ Robert L. Miller, Jr.

        Chief Judge
        United States District Court